PER CURIAM.
The Special Disability Trust Fund (Fund or SDTF) appeals an order of the judge of compensation claims (JCC) concluding that an affidavit filed by the City of Tampa (City) constituted an “incomplete Proof of Claim” for purposes of tolling a subsequently enacted statutory deadline for filing a Proof of Claim. The Fund contends that the JCC ignored the plain meaning of the governing statute and implementing administrative rules under which the City’s affidavit was insufficient as a matter of law to constitute a Proof of Claim. We agree and reverse the final order entered in favor of the City.
The essential facts of the case are not in dispute. The City employed Delier Diaz as a police officer until he suffered a com-pensable injury on March 17, 1989. On August 24, 1990, the City filed a Notice of Claim with the Fund. (The Fund acknowledged receipt of this notice by letter dated August 30, 1990, informing the City that “review of this file would be premature.”) Mr. Diaz was placed at maximum medical improvement on September 12, 1989. The City accepted him as permanently and totally disabled on December 8, 1992 and sent the Fund an affidavit of employer knowledge on December 23,1992.
Effective May 30, 1997, the Legislature enacted the following provision: “A proof of claim must be filed on each notice of claim on file as of June 30, 1997, within 1 year after July 1, 1997, or the right to reimbursement of the claim shall be barred.” Ch. 97-262, § 1, at 4720, Laws of Fla. (codified at § 440.49(7)(c), Fla. Stat. (1997)).
By the time the City wrote the Fund a letter on December 7, 1998, the statutory amendment requiring that the City file any Proof of Claim by July 1, 1998 (because the City’s Notice of Claim was on file as of June 30, 1997) had already taken effect. See § 440.49(7)(c), Fla. Stat. (1997); Ch. 97-262, § 31, at 4742, Laws of Fla. Accordingly, on January 5, 1999, the Fund advised the City that no Proof of Claim had been timely filed.
When the City mailed a Proof of Claim nevertheless on January 25, 1999 (accompanied by the filing fee of $500.00), the Fund reiterated its position that any claim for which no Proof of Claim was filed by July 1, 1998, was time-barred. After a hearing at which the only non-documentary evidence was the deposition of Fund representative Lawanda Williams, the JCC concluded that the City’s affidavit of employer knowledge met the statutory requirements for a Proof of Claim. The JCC found that the filing of the affidavit on December 23, 1992, was sufficient to toll the later enacted statute’s time limitations. This was error.
The JCC reported that Ms. Williams testified that she was uncertain of the “minimum” requirements for an “incomplete” Proof of Claim, and purported to base his decision on her testimony, rather than on the rules or statute. But Ms. Williams testified that a Proof of Claim required LES Form SDF-1 or, in the absence of the prescribed form, some document (such as a cover letter) indicating that the claimant intended to submit a Proof of Claim. The affidavit of knowledge the City sent to the Fund was unaccompanied by any document evincing such an intent. The City’s affidavit was not *341 submitted as a Proof of Claim and cannot be deemed a Proof of Claim under the governing statute and rules. Ms. Williams’ testimony was not to the contrary.
Although it does not define “proof of-claim,” the statute, provides that “[i]n addition to the definitions contained in this subsection, the division may by rule prescribe definitions that are necessary for the effective administration of this section.” § 440.49(2), Fla. Stat. (Supp.1998). The Florida Administrative Code defines “Proof of Claim” as: “The doeument[s] submitted by a claimant that includes a completely filled out LES Form SDF-1 (rev. 12/91) with all required documents to fully support the claim.” Fla. Admin. Code R. 38F-10.006(4). The LES Form SDF-1 specifies that a Proof of Claim shall include: Schedule A) Evidence of Preexisting Condition; Schedule B) Details of Subsequent Accident; Schedule C) Employer Knowledge; Schedule D) Documentation of Benefits; and Schedule E) Record on Appeal.
An affidavit of knowledge is not a Proof of Claim, but an “other document” within the meaning of Florida Administrative Code Rule 38F-10.013, which states: “The SDTF will only acknowledge in writing the filing of a Notice of Claim and a Proof of Claim. Any claimant who wishes the SDTF to acknowledge other documents must provide a self-addressed, stamped envelope and a copy of the document for acknowledgment.”
The SDTF will not consider a claim ripe, or mature, for review purposes, until a Proof of Claim is filed complete with all the necessary documents required by LES Form SDF-1 (Rev.12/91). If a Proof of Claim is placed in line for review and it is discovered that certain documents or required information have not been provided by the claimant, the SDTF will advise the claimant in writing of the incomplete claim and will not review the claim until the missing information or document has been supplied by the claimant.
Fla. Admin. Code R. 38F-10.012 (adopted April 19, 1992). The Fund did not acknowledge the filing of the affidavit because the affidavit did not constitute a Proof of Claim within the meaning of the applicable statute and rules. As a matter of law, the JCC erred in concluding that an affidavit the City had filed on December 23, 1992, tolled a subsequently enacted statutory deadline requiring the filing of a Proof of Claim, as defined by Florida Administrative Code Rule 38F-10.006(4), by July 1,1998.
Accordingly, we quash the JCC’s order finding that the City’s claim was timely filed, and remand with directions that a final order be entered dismissing the City’s claim.
BENTON, VAN NORTWICK and LEWIS, JJ., concur.